OPINION
{¶ 1} Appellant Jimmy J. Tuttle, Jr. appeals from his felony sentences in the Ashland County Court of Common Pleas. The relevant facts leading to this appeal are as follows.
 {¶ 2} On March 15, 2005, appellant pled guilty to aggravated robbery (F-1), abduction (F-3), and petty theft (M-1). On April 25, 2005, following a hearing, appellant was sentenced to a term of imprisonment of eight years for aggravated robbery and a term of imprisonment of four years for abduction, as well as one-hundred eighty days in jail for petty theft. The sentences were ordered to be served concurrently.
 {¶ 3} On July 1, 2005, appellant, having obtained leave to file a delayed appeal, filed a notice of appeal. He herein raises the following two Assignments of Error:
 {¶ 4} "I. THE TRIAL COURT'S SENTENCE IN THE INSTANT CASE IS CONTRARY TO LAW AND DOES NOT SERVE THE OVERRIDING PURPOSES OF FELONY SENTENCING.
 {¶ 5} "II. THE TRIAL COURT ERRED IN IMPOSING SENTENCE UPON THE DEFENDANT IN EXCESS OF THE MINIMUM SENTENCE ON ALL FELONY COUNTS AS REQUIRED BY THE CONSTITUTION."
 II. {¶ 6} As we find appellant's Second Assignment of Error dispositive of the present appeal, we will address it first. In the case sub judice, appellant did not receive maximum or consecutive sentences on his felony convictions, but his eight-year sentence on the first-degree felony and his four-year sentence on the third-degree felony qualify as "more than the minimum" sentences. R.C. 2929.14(B) formerly required the sentencing court to consider the minimum prison term, if the offender was not in prison at the time of the offense, or has not previously served a prison term, unless the court finds that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
 {¶ 7} However, the Ohio Supreme Court, in State v. Foster,
___ Ohio St.3d ___, 2006-Ohio-856, found certain provisions of Ohio's sentencing statute unconstitutional because they required judicial factfinding to exceed the sentence allowed simply as a result of a conviction or plea. These included: more than the minimum prison term [R.C. 2929.14(B)]; the maximum prison term [R.C. 2929.14(C)]; consecutive prison terms [R.C. 2929.14(E)(4)]; repeat violent offender [R.C. 2929.14(D)(2)(b)]; and major drug offender [2929.14(D)(3)(b)]. Thus, under a Blakely analysis, only the provisions of the sentencing statute addressing prison rather than community control for lower level felonies [R.C.2929.13(B)(2)(a) and R.C. 2929.13(B)(2)(b)] and repeat violent offender [R.C. 2929.14(D)(2)(a)] are constitutional. Id.
 {¶ 8} To remedy Ohio's felony sentencing statutes, the Ohio Supreme Court severed the Blakely-offending portions that either create presumptive minimum or concurrent terms or require judicial factfinding to overcome the presumption. Foster at ¶ 97. Thus, the Court concluded "* * * that trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at ¶ 100.
 {¶ 9} Accordingly, because appellant's "more than the minimum" sentences are based upon an unconstitutional statute that is deemed void, this matter is remanded to the trial court for a new sentencing hearing.
 {¶ 10} Appellant's Second Assignment of Error is sustained in part.
 I. {¶ 11} Appellant's challenge to his sentences as being contrary to law and not serving the overriding purposes of Ohio's sentencing statutes, as argued in his First Assignment of Error, are found premature based upon our disposition of appellant's Second Assignment of Error.
 {¶ 12} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Ashland County, Ohio, is hereby reversed in part and remanded for further sentencing proceedings consistent with this opinion.
Wise, P.J., Edwards, J., and Boggins, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Ashland County, Ohio, is reversed in part and remanded for further proceedings consistent with this opinion.
Costs to be split evenly between appellant and the State of Ohio.